IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00404-RPM

CAROLYN K. HARNER,

    Plaintiff,

v.

ADAMS COUNTY AND ITS BOARD OF COUNTY COMMISSIONERS;
THE ADAMS COUNTY CORONER'S OFFICE, AND
JAMES HIBBARD,

    Defendants.
_____

## MOTION TO DISMISS
_____

Defendants Adams County Board of County Commissioners, Adams County Coroner's Office, and James Hibbard, through their attorney Heidi M. Miller, Acting County Attorney, move for dismissal pursuant to Fed.R.Civ.P. (1) and (6), and as grounds therefore, state as follows:

### I.  INTRODUCTION

This case centers on a medical malpractice suit brought by Plaintiff against her late husband's physicians.  The Adams County Coroner (James Hibbard at the time) performed his statutory duties by conducting an investigation into the death of Plaintiff's husband, having an autopsy conducted by a certified pathologist, and issuing a report which identified the cause of death.  (Amended Complaint, Document #4, ¶¶ 15-21). Tissue samples were retained from the autopsy and slides were created.  The body of the deceased was released to Plaintiff for disposition.  At some time later, Plaintiff's

malpractice attorneys notified the Coroner's Office that they were involved in litigation and asked the Coroner's Office to retain all evidence related to the death. By the time that the experts in the malpractice case asked the Coroner to review the physical evidence, only the tissue slides were available[1]. Plaintiff now claims that the fact that the larger tissue samples were no longer available resulted in her losing her malpractice case. Plaintiff asserts three claims against Defendants: bailment, promissory estoppel, and a 42 U.S.C. § 1983 claim for violation of her rights to access the courts.

Plaintiff's state claims for bailment and promissory estoppel are subject to dismissal based upon the alterative theories set forth below. The 42 U.S.C. § 1983 claim is subject to dismissal because Defendant Hibbard is entitled to qualified immunity.

## II. DISMISSAL STANDARD

Under Fed.R.Civ.P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *Nieberger v. Hawkins,* 208 F.R.D. 301, 307 (D.Colo. 2002). In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the factual allegations in the complaint as true, with all reasonable inferences resolved in the plaintiff's favor. *See, Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Fed.R.Civ.P. 12(b)(6) permits a court to dismiss a claim on a

---

[1] The timing of the notification to the Coroner's Office and the timing of the destruction of the tissue samples is highly contested. For the purposes of this Motion to Dismiss, Defendants will not burden the Court with the factual disputes.

dispositive legal issue even when assuming the factual allegations in the complaint are true.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The courts "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007)*.*

## III.  ARGUMENT

### A.  STATE CLAIMS

#### 1.  County Cannot be Held Liable

Although captioned "Adams County and its Board of County Commissioners," Plaintiff appears to agree that the Board and Adams County are synonymous.  See, Amended Complaint, Document #4, ¶ 2.  *See also*, C.R.S. § 30-11-103.  Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted with respect to the County.

The only allegation specific to Adams County is Plaintiff's mistaken belief that the County is the "employer" of Coroner Hibbard.  (Amended Complaint, Document #4, ¶ 2). The Board is not the employer of the Coroner and has no management authority over him.  The Adams County Coroner is elected by the citizens of Adams County.  C.R.S. § 30-10-601(1)(b).  The Colorado Constitution specifies that coroners and boards of county commissioners are separately elected and independent elected officials.  Colo.

Const. Art. XIV, Sections 6, 8, and 8.5. Colorado treats boards of county commissioners and coroners as separate entities. Various statutory provisions enumerate the respective and specific responsibilities and powers of a county coroner and a county board of commissioners. C.R.S. § 30-10-301, *et. seq.*; § 30-10-601, *et. seq.*; § 30-11-101; and § 30-11-107. Under the Colorado Constitution and by statute, Colorado coroners are separate officials who have the power and responsibility to hire deputies at their pleasure and who are legally responsible for their own misconduct and the misconduct of their deputies. *See,* C.R.S. § 30-10-602. The Board is not liable for the actions of the other elected officials or their employees. *Tunget v. Board of County Commissioners,* 992 P.2d 650, 651-652 (Colo. App. 1999).

None of the allegations in the Amended Complaint allege wrongdoing on the part of the Board or allege wrongdoing with respect to any of the functions of the Board. Plaintiff's Amended Complaint solely alleges wrongdoing by the Coroner and his office. Since the Board is not liable for the Coroner or his employees, and since the Board did not participate in any of actions alleged in the Amended Complaint, Plaintiff has failed to state a claim against the County. Plaintiff's first and second claims against Adams County should be dismissed.

### 2. Statute of Limitations Bars Claims Against Coroner

Plaintiff's first and second claims against the Coroner's Office are barred by the applicable statute of limitations. Both the bailment and promissory estoppel claims are state claims that fall under a one-year statute of limitations.

Plaintiff's claims against the Coroner's Office are actually claims against the Adams County Coroner. In Colorado, all actions against coroners, regardless of the theory upon which suit is brought, must be brought within one year. C.R.S. § 13-80-103(1)(c). According to the allegations in Plaintiff's Amended Complaint, Plaintiff's cause of action accrued no later than January 26, 2011. Plaintiff alleges that on that date she knew that the aorta specimen had been destroyed by Coroner Hibbard's Office and that the destruction took place long after she requested that it be retained.[2] (Amended Complaint, Document #4, ¶ 62). The Complaint in this matter was filed on January 28, 2013, more than two years after Plaintiff learned of the alleged wrongdoing by Defendant. According to Plaintiff, she was aware of the full extent of her alleged damages no later than July 2011 when she learned of the jury's verdict in her medical malpractice suit. (Amended Complaint, Document #4, ¶ 65). This case was filed eighteen months later. Plaintiff's cause of action clearly accrued more than one year prior to her filing of this case. Plaintiff's claims therefore fall outside the applicable statute of limitations and are subject to dismissal.

### 3. Claims are Barred by CGIA

As an alternative argument, Defendants argue that Plaintiff's bailment and promissory estoppel claims should be dismissed because they are Colorado tort claims barred by the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et. seq.* ("CGIA").

---

[2] This allegation is highly contested.

The CGIA establishes that, except as specifically provided in the Act, governmental immunity shall bar any action against a public entity, and its employees while acting within the scope of their employment, for injuries which lie in tort or could lie in tort, regardless of whether that is the type of action or the form of relief chosen by the claimant. C.R.S. § 24-10-101, *et. seq*. *See also, Bertrand v. Board of County Commissioners of Park County*, 872 P.2d 223,227 (Colo. 1994). A public entity is defined under the CGIA to include the "state, county, city and county…" C.R.S. § 24-10-103(5). The CGIA also provides immunity to public employees for acts which occur within the scope of their employment. C.R.S. § 24-10-118.

The CGIA provides eight specific waivers or exceptions to the governmental immunity imposed by the Act. C.R.S. § 24-10-106(1). Plaintiff's Amended Complaint alleges bailment and promissory estoppel. None of the exceptions in the CGIA would be applicable to Plaintiff's claims.

### a. Bailment Claim is a Tort Barred by CGIA

Although Plaintiff simply categorizes her first claim as "bailment," Colorado law requires that the Plaintiff prove negligence on the part of the bailee. "The very nature of a bailment relationship implies a confidence and trust involving the exercise of some degree of care to protect the subject of the bailment from loss, damage, or destruction." *Christensen v. Hoover*, 643 P.2d 525, 529 (Colo. 1982). All bailees have a duty to exercise "reasonable care" to protect the bailor's property and there is a "presumption of negligence" if the bailee cannot redeliver the property. *In re Marriage of Amich*, 192 P.3d 422, 426 (Colo. Ct. App. 2007). The Colorado pattern jury instructions for bailment

claims specifically refer to "negligence" and a duty of "reasonable care." CJI-Civ 16:6 and 16:5. It is clear that a claim based upon bailment is a tort.

### b. Promissory Estoppel is a Tort Barred by CGIA

"Promissory estoppel is an extension of the basic contract principle that one who makes promises must be required to keep them." *Patzer v. City of Loveland*, 80 P.3d 908 (Colo. Ct. App. 2003). Promissory estoppel claims can be construed as contract claims or tort claims. *Id*. "In evaluating a claim in relation to the Colorado Governmental Immunity Act, the question is not how the plaintiff characterizes its claim but whether the claim is a tort claim or could be a tort claim." *Lehman v. City of Louisville*, 857 P.2d 455, 456-457 (Colo. Ct. App. 1992). It is clear from the allegations pled and the damages sought that Plaintiff's promissory estoppel claim is a tort claim.

Plaintiff's bailment and promissory estoppel claims against Defendants are state tort claims barred by the CGIA and subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(1). *See, Nieberger v. Hawkins,* 208 F.R.D. 301, 307 (D. Colo. 2002) (motions to dismiss based on issues of governmental immunity can be treated as motions to dismiss for lack of subject matter jurisdiction); *See also, Dobson v. City and County of Denver*, 81 F.Supp.2d 1080 (D. Colo. 1999), judgment affirmed on other grounds by *Dobson v. City and County of Denver*, 13 Fed.Appx. 842 (10th Cir. 2001) (holding that court lacked subject matter jurisdiction over the plaintiff's Colorado state law claims under the Colorado Governmental Immunity Act).

### 4. Failure to State a Claim – Bailment

As an alternative argument to those presented above, Defendants assert that Plaintiff's bailment claim fails to state a claim upon which relief can be granted because Colorado law does not recognize a property right in a dead body. Bailment is a claim based upon protection of the bailor's property. *In re Marriage of Amich*, 192 P.3d 422, 426 (Colo. Ct. App. 2007). The Colorado Supreme Court recognized that there is no property right in a dead body. *Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994) ("We formally reject the fictional theory that a property right exists in a dead body that would support an action for conversion."). *See also*, *Akers v. Prime Succession of Tennessee*, Inc., 387 S.W.3d 495, 510-511 (Tenn. 2012) (holding that a bailment claim could not be asserted because a corpse is not personal property for bailment purposes). In this case, Plaintiff is alleging that the Coroner was a negligent bailee because he failed to retain tissue samples from Plaintiff's deceased husband's body. If Colorado does not recognize a property interest in a deceased body, it certainly would not recognize a property interest in tissue samples. Plaintiff cannot therefore assert a claim for negligent bailment for which relief can be granted.

### 5. Failure to State a Claim – Promissory Estoppel

Even if Plaintiff's promissory estoppel claim is construed as a contract claim, it fails to state a claim upon which relief can be granted. The powers and functions of the Coroner are prescribed by Colorado law. C.R.S. § 30-10-601, *et. seq*. The Coroner does not have the authority to enter into contracts that fall outside of his statutory

powers. Only the Board of County Commissioners has the authority to "make contracts." C.R.S. § 30-11-101(1)(d); C.R.S. § 30-11-103.

The Coroner performed his statutory duties in this case. His office conducted an investigation, performed an autopsy, and released the body back to the decedent's family for disposition of the remains. (Amended Complaint, Document #4, ¶¶ 12, 14, and 15). These are the functions required of the Coroner and his employees. C.R.S. § 30-10-606. The Coroner could not promise to do more than the law allows him to do. For example, he could not promise to safeguard tissue samples for the purposes of a private malpractice case. Furthermore, Colorado has recognized that there is no private right of action with respect to the Coroner's autopsy duties. *Macurdy v. Faure*, 176 P.3d 880, 882-883 (Colo. Ct. App. 2007).

Plaintiff is really alleging that it was negligent for the Coroner to allow the tissue to be destroyed. Other than conclusory allegations, Plaintiff does not point to any actual promise or agreement by Coroner Hibbard to grant Plaintiff more services than the Coroner was legally obligated to provide. Plaintiff cannot state a claim based upon a theory of promissory estoppel because there is no promise for which the Coroner could be held liable.

## B. ACCESS TO COURTS

Plaintiff's third claim is a 42 U.S.C. § 1983 claim for violation of rights to access the courts against James Hibbard. It appears that the 42 U.S.C. § 1983 claim is brought against James Hibbard in his individual capacity. Defendant Hibbard is entitled to qualified immunity with regard to the 42 U.S.C. § 1983 claim.

"The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Boles v. Neet,* 486 F.3d 1177, 1180 (10th Cir. 2007), citing *Harlow v. Fitzgerald,* 457 U.S. 800 (1982). Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability. *Roska v. Peterson,* 328 F.3d 1230, 1239 (10th Cir. 2003). When a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity. *Medina v. Cram,* 252 F.3d 1124, 1128 (10th Cir. 2001).

The qualified immunity analysis involves two questions. The court considers whether the plaintiff's factual allegations show that the official's conduct violated a constitutional right. *Boles,* 486 F.3d at 1180. The other inquiry for the court is whether the right was clearly established. *Id. See also, Pearson v. Callahan,* 555 U.S. 223 (2009) (eliminating requirement that these questions be answered in a particular order). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

Plaintiff's constitutional rights were not violated in this case. Plaintiff does not have a constitutional right to have tissue samples preserved at the Coroner's Office. Plaintiff alleges that the actions of Hibbard prevented her from accessing the courts. To the contrary, her Amended Complaint establishes that she did have full access to the judicial system. She took her malpractice case all the way through a jury trial.

(Amended Complaint, Document #4, ¶ 65). Defendants are not aware of any legal authority in the 10th Circuit which would support a claim for denial of the right to access to the courts based upon failure to retain tissue samples from an autopsy.

The actions of Defendant Hibbard did not prevent Plaintiff from accessing the courts. Even if the allegations in the Amended Complaint are presumed to be true, there is no constitutional violation. Defendant Hibbard performed his statutory functions. An autopsy was performed by a qualified pathologist and a report was generated regarding the cause of death. (Amended Complaint, Document #4, ¶¶ 15-21). In fact, Plaintiff was able to utilize the Coroner's pathologist as an expert in her medical malpractice trial. The allegations in this case do not support a claim for violation of the right to access the courts. Loss of potential evidence in a civil lawsuit is not a constitutional violation. If the defendants' actions are "those that a reasonable person could have believed were lawful," the defendant is entitled to qualified immunity. *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). Defendant Hibbard could not possibly have realized that his office destroying tissue samples from an autopsy was unconstitutional.

## IV. CONCLUSION

Plaintiff's state claims for bailment and promissory estoppel are subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction pursuant to the Colorado Governmental Immunity Act and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's 42

11

U.S.C. § 1983 claim is also subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6) as Defendant Hibbard is entitled to the defense of qualified immunity.

**WHEREFORE**, Defendants respectfully request hat Plaintiff's Amended Complaint be dismissed in its entirety, that Defendants be awarded their costs and fees pursuant to C.R.S. § 13-17-201, and for such other and further relief as the Court deems necessary.

Respectfully submitted this 29th day of March 2013.

s/<u>Heidi M. Miller</u>
Heidi M. Miller
Acting County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy.
5th Floor, Suite C5000B
Brighton, CO 80601
Phone: (720) 523-6116
Fax: (720) 523-6114
hmiller@adcogov.org
Attorney for Defendants
Board of County Commissioners,
Coroner's Office, and James Hibbard

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 29, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to the following:

Blaine P. Kerr      kerr@hbcboulder.com

Keith M. Edwards      kedwards@hbcboulder.com

          s/Heidi M. Miller
          Heidi M. Miller
          Acting County Attorney
          Adams County Attorney's Office
          4430 S. Adams County Pkwy.
          5th Floor, Suite C5000B
          Brighton, CO 80601
          Phone: (720) 523-6116
          Fax: (720) 523-6114
          hmiller@adcogov.org
          Attorney for Defendants
          Board of County Commissioners,
          Coroner's Office, and James Hibbard